1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA ,        )  Civil No. 06-CV-935-L
                                      )  Criminal No. 02-CR-2912-3-L
12              Plaintiff-Respondent, )
                                      )  **ORDER DENYING DEFENDANT'S**
13  v.                                )  **MOTION UNDER 28 U.S.C. § 2255**
                                      )  **TO VACATE, SET ASIDE OR**
14  ILYAS ALI,                        )  **CORRECT SENTENCE**
                                      )
15              Defendant-Petitioner. )
                                      )
16  _____)

17       Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28

18  U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and

19  sentencing in Criminal Case No. 02cr2912-3-L.  The government filed a response, to which

20  defendant did not reply.  The Motion is **DENIED** and this case is **DISMISSED WITH**

21  **PREJUDICE** because Defendant's allegations fail to establish ineffective assistance of counsel

22  with respect to the Plea Agreement, and because the express terms of the Plea Agreement

23  waiving Defendant's right to bring the Motion are enforceable.

24       Defendant was represented by counsel throughout his criminal case.  He was indicted on

25  one count of conspiracy to distribute heroin and hashish in violation of 21 U.S.C. § 841(a)(1)

26  (Count 1), one count of conspiracy to import heroin and hashish into the United States in

27  violation of 21 U.S.C. §§ 952 and 960 (Count 2), and one count of conspiracy to provide

28  / / / / /

1   material support to terrorists in violation of 18 U.S.C. § 2339B(a)(1) and (d) (Count 3).

2   (Indictment filed 10/30/02.)

3         On March 3, 2004, Defendant entered into a Plea Agreement.  Defendant agreed to plead

4   guilty to Counts 1 and 3; waive his right to trial, appeal and collateral attack; and not recommend

5   any downward departures, in exchange for the government's agreement to dismiss Count 2 and

6   to make the following recommendations: a three level sentencing adjustment for acceptance of

7   responsibility on each remaining count; a two level reduction and relief from any statutory

8   mandatory minimum sentence on Count 1 if Defendant truthfully discloses all relevant

9   information and evidence and otherwise qualifies under § 5C1.2 for such relief; and a sentence at

10  the low end of the guideline range.  (*See* Plea Agreement ¶¶ I, IV, X.)   Both Defendant and the

11  government agreed not to recommend any additional adjustments.  (*Id*. at ¶ X.)

12        Defendant was sentenced to fifty-seven months in custody, five years of supervised

13  release and a $100 mandatory assessment on Count 1, and fifty-seven months in custody, three

14  years supervised release and a $100 mandatory assessment on Count 3, to run concurrent with

15  Count 1.  (Amended Judgment filed 5/10/06; Tr. of Proceedings before the Hon. M. James

16  Lorenz Without a Jury, 4/10/06 ("Sentencing, 4/10/06"[1]) at 9.)

17        Defendant makes four contentions in support of his Motion: (1) Petitioner's plea was

18  "coerced or forced" because he was not allowed to withdraw the plea; (2) ineffective assistance

19  of counsel based on the allegations that defense counsel Bernard G. Skomal did not visit

20  Petitioner often enough and he was thereby denied the right to participate in his own defense; (3)

21  Petitioner was arrested in Hong Kong without proper authority or an indictment in violation of

22  his equal protection rights under the Fourteenth Amendment; and (4) violation of Petitioner's

23  Fifth Amendment protection against self-incrimination, "pursuant to *Miranda*."  The Court

24  rejects all four contentions based on the record regarding the voluntariness of Defendant's guilty

25  plea and waiver of collateral attack in the Plea Agreement.

26

27

28      [1]Two sentencing transcripts are referenced herein.  At the first proceeding on 4/3/06, the Court continued the hearing to accommodate Defendant's desire to further consult with counsel. (*See* Sentencing, 4/3/06 at 4-5.)  The second hearing was held a week later on 4/10/06.

02cr2912-3/06cv935

The Plea Agreement informed Defendant that by pleading guilty he would waive certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence:

> In exchange for the Government's concessions in this plea agreement, **defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence** . . ..

(Plea Agreement ¶ XI (emphasis added).)  The Plea Agreement contains one exception to Defendant's waiver:

> ...unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing.  If the custodial sentence is greater than the high end of that range, defendant may appeal . . ..

(*Id.*)  The Court sentenced Defendant to a shorter custodial sentence than the high end of the offense level recommended by the government.  Therefore, the exception does not apply in this case.

The Plea Agreement expressly set forth the agreed upon sentencing recommendations. The parties agreed to a base offense level of 30 for Count 1, and adjustments of -2 for role and -3 for acceptance of responsibility.  For Count 3, they agreed to a base offense level of 26 and an adjustment of -3 for acceptance of responsibility.  No agreement was reached as to Defendant's criminal history category.  (*Id.* ¶ X.)  At the sentencing hearing, the parties agreed that criminal history category one was appropriate, and the government recommended a sentence at the low end of the guideline range as promised.  (Sentencing at 4-5, 7.)  In accordance with the agreed upon terms of the Plea Agreement and the government's recommendation, the Court made the recommended adjustments and sentenced Defendant to two custodial sentences of 57 months, to run concurrent.  (*Cf.* Plea Agreement ¶ X(A) and Sentencing at 9.)  This sentence was at the low end of the guideline range of 57-71 months.  Without the Plea Agreement, Defendant faced a potential life sentence and a mandatory minimum of ten years.  ( Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 3/3/04 ("Disposition") at 6.)

In the instant Motion, Defendant contends he "entered a plea that was coerced or forced by not allowing withdrawal," stating that he "originally filed a motion to withdraw but was

02cr2912-3/06cv935

1    rejected." He further argues that he received ineffective assistance of counsel because his

2    counsel "did not visit often enough" and thereby denied Defendant the right to participate in his

3    own defense. The Court disagrees with both contentions.

4        "A defendant's waiver of his appellate rights is enforceable if (1) the language of the

5    waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly

6    and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) (*citing*

7    *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004); *United States v. Martinez*, 143 F.3d

8    1266, 1270-71 (9th Cir. 1998)). A plea agreement that waives the right to appeal or collaterally

9    attack the conviction and sentence is unenforceable with respect to ineffective assistance of

10   counsel claims to the extent they challenge the voluntariness of the waiver. *Washington v.*

11   *Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

12       The record supports a conclusion that Defendant's waiver was knowing and voluntary.

13   During the disposition hearing, Defendant declared under oath that he understood the trial rights

14   he was waiving, the charges to which he was pleading guilty, and the maximum penalties for

15   those violations. (*See* Disposition at 4-7, 10-11.) Defendant confirmed that he had read the Plea

16   Agreement and discussed it with his attorney paragraph by paragraph and that he understood it.

17   (*Id.* at 9.) Defendant signed the Plea Agreement and initialed each page. (*Id.*; *see also* Plea

18   Agreement.) The Court explained that if it followed the Plea Agreement and sentenced

19   Defendant according to its terms, Defendant has waived his right to appeal or collaterally attack

20   the sentence, and Defendant indicated that he understood. (Disposition at 11.) Defendant also

21   confirmed he had reviewed the sentencing guidelines with counsel and indicated he had no

22   questions about those guidelines. (*Id.* at 12-13.)

23       Defendant told the Court he was satisfied with his counsel's services. (*Id.* at 13.) He then

24   affirmed he was not coerced by any threats or extraneous promises, and was entering the plea of

25   his own free will, because he was in fact guilty. (*Id.* at 13-14.)   Defendant acknowledged the

26   factual basis as set forth in the Plea Agreement and summarized at his disposition hearing was

27   accurate. (*Id.* at 17-19.) Defendant and his co-conspirators negotiated with undercover agents

28   for the sale of ton quantities of hashish and multiple kilogram quantities of heroin. (*Id.* at 15;

02cr2912-3/06cv935

Plea Agreement ¶ II(B).)  The conspirators agreed to offset the price of the narcotics to cover their reciprocal purchase of four stinger anti-aircraft missiles.  (Disposition at 15-16; Plea Agreement at ¶ II(B)(4).)  They intended to sell the anti-aircraft missiles to Taliban members, whom they knew to be the same as Al-Qaeda.  (Disposition at 16, 19-20; Plea Agreement at ¶ II(B)(5).)  Defendant "was basically a middleman" between his co-conspirators and the government agents.  (Disposition at 17-18.)  The conspirators were initially negotiating from Pakistan, but later traveled to Hong Kong to meet and continue to negotiate with the undercover agents.  (Disposition at 15-17; Plea Agreement at ¶ II(B).)

Defendant's contention that his plea was involuntary because he was not allowed to withdraw the plea is refuted by the record.  A separate counsel was appointed for Defendant's withdrawal of his plea.  (Sentencing, 4/3/06 at 3.)  However, Defendant later changed his mind about withdrawing the plea.  (*See id.*; *see also* Sentencing, 4/10/06 at 2-4.)  He requested to withdraw the motion to withdraw the plea, and the Court accepted this withdrawal.  (Sentencing, 4/10/06 at 3.)

Defendant's claim of ineffective assistance of counsel is a bald assertion without any facts indicating how his counsel's alleged failure to "visit often enough" affected the voluntariness of his waiver.  Since this argument fails to attack the voluntariness of the waiver, it has been waived.  *See Lampert*, 422 F.3d at 871; *Jeronimo*, 398 F.3d at 1153.

Defendant's remaining claims fail because they are based on events occurring prior to his plea.  Defendant asserts Fifth and Fourteenth Amendment violations related to his arrest in Hong Kong and his *Miranda* rights.  "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."  *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).

The record establishes Defendant received a sentence in accordance with the Plea Agreement and that his plea was knowing and voluntary.  His waiver of the right to collaterally

/ / / / /

/ / / / /

/ / / / /

02cr2912-3/06cv935

1  attack the conviction and sentence is therefore valid, and his Motion is **DENIED**.  The case is

2  **DISMISSED WITH PREJUDICE**.

3       **IT IS SO ORDERED.**

4

5  DATED:  June 28, 2007

6

7                                       M. James Lorenz
                                   United States District Court Judge

8  COPY TO:

9  ALL PARTIES/COUNSEL

10  Ali Ilyas, #90279-022
U.S.P.
3901 Klein Boulevard
Lompoc, CA 93436

12  Ali Ilyas
141-52 85th Road #4G
Briarwood, NY 11435

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02cr2912-3/06cv935